# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 15-0236** (Mercer County 14-M-AP-25-DS)

**Everson D. Finley, Defendant Below,
Petitioner**

**FILED**

January 11, 2016
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Everson D. Finley, by counsel Ryan D. Hamady, appeals the Circuit Court of Mercer County's February 19, 2015, order affirming petitioner's conviction for domestic battery, in violation of West Virginia Code § 61-2-28(a). The State of West Virginia, by counsel Jonathan E. Porter, filed its response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in relying on evidence that was not introduced at trial in violation of his constitutional right to confront a witness.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2013, petitioner was arrested for domestic battery and domestic assault. The criminal complaint indicates that petitioner was arguing with Francis Cook about rekindling their relationship, at which point he struck Ms. Cook with a broom stick in the thigh and then "got on top of her and struck her in the face." Petitioner was released on bail.

In July of 2014, petitioner appeared before the Magistrate Court of Mercer County. Following a trial, petitioner was found guilty of domestic battery, in violation of West Virginia Code § 61-2-28(a). Petitioner was acquitted of the charge of domestic assault. The magistrate imposed a sentence of a $100 fine plus court costs. On September 11, 2014, petitioner appealed the magistrate court's decision to the Circuit Court of Mercer County. The circuit court held a bench trial on February 11, 2015, finding that there "[were] inconsistencies in defense witnesses' testimony and that defendant is guilty of Domestic Battery[.]" By order entered February 19, 2015, the circuit court reimposed the penalty previously imposed upon petitioner in magistrate court. It is from this order that petitioner now appeals.

1

In considering petitioner's appeal, we apply the following standard of review:

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We will review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard, whereas questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

On appeal, petitioner argues that the circuit court impermissibly relied on his arrest warrant in violation of petitioner's constitutional right to confront the police officer responsible for drafting the warrant. We disagree. Contrary to petitioner's argument, a review of the record reveals that the circuit court did not admit petitioner's arrest warrant as evidence during the underlying appeal or improperly rely upon the arrest warrant in rendering its decision. During the bench trial, the circuit court heard conflicting testimony from petitioner, two members of petitioner's family that witnessed the incident, and the victim regarding the underlying events. We have long held that credibility determinations made following a bench trial are entitled to great deference. *See State v. Guthrie,* 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995) ("An appellate court may not decide the credibility of witnesses . . . as that is the exclusive function and task of the trier of fact.").

In this case, the parties presented conflicting testimony as to the events that occurred in June of 2013. Ms. Cook testified that petitioner hit her in the legs with a broom and then got on top of her and hit her in the face. Petitioner's witnesses testified that they did not observe petitioner strike Ms. Cook. However, the circuit court heard conflicting testimony from petitioner's witnesses regarding the location of the incident, and petitioner's mother's role in intervening in the argument. Petitioner's sister testified that she woke up their mother to intervene, while the mother testified that she was awake and intervened on her own volition. As explained above, this Court will not decide credibility of witnesses or the weight of evidence. We find that the circuit court herein properly considered the witnesses and evidence and found that petitioner's witnesses' testimony "is not credible. It's not believable[.]" As such, the circuit court properly found that the evidence presented before it supported the finding that "[petitioner] was guilty of 'Domestic Battery.'" Therefore, we find no merit to petitioner's appeal.

For the foregoing reasons, we find no error in the circuit court's February 19, 2015, order and we hereby affirm the same.

Affirmed.

**ISSUED**: January 11, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II